UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRY WAYNE NEWMONS,

    Plaintiff,

vs.                                          CASE NO.:

SOUTHERN-OWNERS INSURANCE
COMPANY, a Foreign Profit Corporation,

    Defendant.
_____/

## DEFENDANT, SOUTHERN-OWNERS INSURANCE COMPANY'S NOTICE OF REMOVAL

To:    The Judges of the United States District Court
        Middle District of Florida

Defendant Southern-Owners Insurance Company ("Defendant") gives notice of removal to this Court of the case styled *Terry Wayne Newmons v. Southern-Owners Insurance Company, a Foreign Profit Corporation,* Case No. 2022-CA-008025, filed in the Ninth Judicial Circuit in and for Orange County, Florida. As grounds for this removal, Defendant states:

1.    This is a personal injury action for uninsured motorist benefits, stemming from an accident on February 28, 2021 in Orange County, Florida. Plaintiff filed his Complaint on August 26, 2022 in the Ninth Judicial Circuit in and for Orange County.

2. Defendant was served with the Complaint on January 18, 2023.

3. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, because the parties are diverse and the amount in controversy is in excess of $75,000.

**THE PARTIES ARE DIVERSE.**

4. At all times material hereto, Plaintiff was a Florida citizen of, and domiciled in, the state of Florida. In response to Defendant's Request for Admissions Plaintiff admitted to being a Florida resident with an active and current Florida driver's license. A copy of Plaintiff's response to Defendant's Requests for Admissions is attached as **Exhibit "A."**

5. Defendant is a Michigan citizen, as it is a Michigan corporation with its principal place of business in Michigan. A printout from the Florida Division of Corporations website is attached to this Notice as **Exhibit "B."**

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

6. Notwithstanding that Plaintiff's Complaint merely provides that this matter is an "action for damages that exceed Thirty Thousand Dollars ($30,000)." (Comp. ¶ 1) It further states Plaintiff alleges his injuries have resulted in "hurt in an about his extremities, experienced pain and suffering, incurred medical expenses for the treatment of bodily injuries, suffered physical handicap, disability, disgifurment, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and loss

ob ability to earn money. Plaintiff's injuries are permanent, within a reasonable degree of medical probability, and said Plaintiff will continue to suffer the losses in the future." (Comp. ¶ 14)

7. On March 27, 2023, Plaintiff filed responses to Defendant's First Request for Admissions. Plaintiff admitted that he is seeking damages in an amount in excess of $75,000.00, exclusive of interest and costs. (RFA ¶ 1)

8. The declaration pages for the applicable insurance policy, which is attached as an exhibit to Plaintiff's Complaint, shows that the UM benefits are $250,000 per person/ $500,000 per occurrence.

9. Additionally, Plaintiff's pre-suit demand was for the policy limit of $250,000. *(If requested by the Court, Defendant can submit the settlement demand for an in-camera inspection or as a confidential filing).*

10. Where a plaintiff makes an unspecified demand for damages in state court, the Defendant is only required to establish the jurisdictional amount by a preponderance of the evidence standard. *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1348 (S.D. Fla. 2009) ("Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount of controversy by a preponderance of the evidence.") The inquiry is not the amount a plaintiff is "likely to recover," but rather it is "an estimate of how much will be put at issue during the litigation." *Dewitte v. Foremost Insurance Company,* 171 F. Supp. 3d 1288, 1290

(M.D. Fla. March 17, 2016) *citing S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014). A district court may also apply its judicial experience and common sense when determining whether a claim meets the amount-in-controversy requirement.

11. Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, this case is one that may be removed to this Court pursuant to 28 U.S.C. Section 1441.

12. A copy of the Complaint is attached to this Notice as **Exhibit "C."** A copy of Defendant's Answer is attached to this Notice as **Exhibit "D."** The state court docket and copies of all other process, pleadings, orders and papers or exhibits of every kind on file in the state court are attached to this Notice as composite **Exhibit "E."** 28 U.S.C. § 1446(a).

13. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal has been filed timely and without waiver by Defendant. It has been less than one year since the commencement of this action on August 26, 2022. Further, this Notice of Removal has been filed within 30 days after Defendant first ascertained the case was removable on March 27, 2023, after Plaintiff admitted in Defendant's Request for Admissions he is seeking more than $75,000.

14. Venue properly rests in the Orlando Division of the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. Section 1441(a) and

Local Rule 1.02(3), because this action is being removed from the state court where it was originally filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

15.     Defendant will file with the Clerk of the Court for the Ninth Judicial Circuit in and for Orange County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of said Notice is attached as **Exhibit "F."**

WHEREFORE, Defendant Southern-Owners Insurance Company respectfully request this Court to assume jurisdiction of the above-described action now pending in the Ninth Judicial Circuit in and for Orange County, Florida, pursuant to 28 U.S.C. Sections 1332 and 1441.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 26th day of April, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and e-mailed the foregoing to the following:

Carlos Sanchez
Sanchez & Brown, P.A.
283 Cranes Roost Blvd, Ste. 111
Altamonte Springs, Florida 32701
carlos@sanchezbrown.com
**(Counsel for Plaintiff)**

Harold S. Velez
Velez Legal, P.A.
300 S. Orange Ave., Ste. 1000
Orlando, Florida 32801
hvelez@velez-legal.com
**(Co-Counsel for Plaintiff)**

*/s/ Madison M. Miller*
DAMIEN A. ORATO
Florida Bar No.: 0028219
E-mail: dorato@rumberger.com (primary)
docketingorlando@rumberger.com and
doratosecy@rumberger.com (secondary)
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133
MADISON M. MILLER
Florida Bar No.: 1024812
E-mail: mmiller@rumberger.com (primary)
docketingtampa@rumberger.com and
mmillersecy@rumberger.com (secondary)
RUMBERGER, KIRK, & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Tel: 813.223.4253
Fax: 813.221.4752
*Counsel for Southern-Owners Insurance Company*

17876614.v1